NEWTOL PRESS, President Wisconsin Conference AmericanAssociation of University Professors
Pursuant to sec. 19.98, Stats., you request my advice with respect to applicability of provisions of the open meeting law to meetings of departments or formally constituted subunits of the University of Wisconsin system.
This opinion assumes that some governmental body within the meaning of sec. 19.82 (1), Stats., is involved in each of the questions you pose. It is my opinion that departments or formally constituted subunits of the University of Wisconsin system or campus are *Page 61 
governmental bodies within the meaning of sec. 19.82 (1), Stats., as created by ch. 426, Laws of 1975, and are subject to the open meeting law although they are exempt from giving the notice required by sec. 19.84 (1) to (4), Stats. However, they must give the notice required by sec. 19.84 (5), Stats., the public notice required by sec. 19.85 (1), Stats., and the individual notice required by sec. 19.85 (1)(b), Stats., where applicable.
 "(1) Are considerations of recommendations of promotions not related to tenure covered under exemptions?"
The answer is yes. Section 19.85 (1)(b), Stats., permits a closed session where grant or denial of tenure for a university faculty member is involved and requires actual notice to the person under consideration before any evidentiary hearing is held or before final action on grant or denial. Grant of tenure may be considered a promotion for certain purposes. However, sec. 19.85
(1)(c), Stats., would apply to promotions not involving a grant or denial of tenure and provides:
 "(c) Considering employment, promotion, compensation or performance evaluation data of any public employe over which the governmental body has jurisdiction or exercises responsibility." (Emphasis added.)
 "(2) Are considerations of merit salary increase recommendations covered under exemptions?"
A closed meeting could be held for such purpose under sec.19.85 (1)(c), Stats., since consideration of merit salary increase recommendations is clearly the consideration of "compensation . . . of . . . [a] public employe."
 "(3) Are meetings of Departmental Committees that consider the purchasing of capital equipment, or plans for building remodeling or construction, covered under exemptions? "
If the committee is formally constituted, the exemption in sec.19.85 (1)(e), Stats., would apply to purchases the committee has power to recommend or delegated power to consummate. Whether the exemption would apply to plans for remodeling or construction would depend on existence of competitive or bargaining reasons *Page 62 
which require a closed session. Section 19.85 (1)(e), Stats., allows the convening of a closed session for the purpose of:
 "(e) Deliberating or negotiating the purchasing of public properties, the investing of public funds, or conducting other specified public business, whenever competitive or bargaining reasons require a closed session."
 "(4) Is the law applicable to votes to recommend where the power of the committee is so limited and the final power is vested in administrators or the Board of Regents?"
The answer is yes, subject to the qualifications discussed below.
Section 19.83, Stats., provides that:
 ". . . At any meeting of a governmental body, all discussion shall be held and all action of any kind, formal or informal, shall be initiated, deliberated upon and acted upon only in open session except as provided in s. 19.85."
A vote may be taken in closed session if the vote is an integral part of the purpose for which the closed session was properly called. However, final approval of collective bargaining agreements must be taken in open session. Sec. 19.85 (3). Stats.
 "(5) In each of the items above, must the vote of each participant be `ascertained and recorded'?"
The answer is no, except as noted below.
The vote of each member must be ascertained, recorded and record preserved where a governmental body votes to convene in closed session. Section 19.85 (1), Stats., provides in part:
 "(1) Any meeting of a governmental body, upon motion duly made and carried, may be convened in closed session under one or more of the exemptions provided in this section. The motion shall be carried by a majority vote in such manner that the vote of each member is ascertained and recorded in the minutes . . . ."
Where a statute does not require voting in a form that the vote of each member can be ascertained and recorded, or where no member demands the vote be taken in that manner, voting may beviva voce or by hand. Section 19.88, Stats., provided: *Page 63 
 "Ballots, votes and records. (1) Unless otherwise specifically provided by statute, no secret ballot may be utilized to determine any election or other decision of a governmental body except the election of the officers of such body in any meeting.
 "(2) Except as provided in sub. (1) in the case of officers, any member of a governmental body may require that a vote be taken at any meeting in such manner that the vote of each member is ascertained and recorded.
 "(3) The motions and roll call votes of each meeting of a governmental body shall be recorded, preserved and open to public inspection to the extent prescribed in s. 19.21."
 "(6) Some offices that are filled by appointment require (or are traditionally preceded by) an advisory ballot. Must advisory ballots be recorded?"
Under sec. 19.88 (1), Stats., most secret advisory ballots are prohibited unless some statute permits them. Depending on the context, an advisory ballot may or may not be a decision of a governmental body. I am informed that institutions within the University of Wisconsin System have faculty rules that provide for advisory votes on appointive offices such as department chairperson. The vote may or may not be taken at a meeting. This advisory vote is transmitted directly to the dean. Where an advisory vote is required or permitted and the voters happen to be a group which also constitutes a governmental body and the body itself does not make the appointment or take further action the advisory vote can be taken by secret ballot because the action is neither an election (the ballot being advisory) or a decision (the ballot being a tally of individual preferences and not a departmental recommendation).[1]
However, there may be circumstances where an advisory ballot is called for as a recommendation from the governmental body. In such cases I am of the opinion that a paper ballot may be used if it utilizes the name or other identifying mark of the member casting the same. If used, such ballots must be made of record and preserved. If an *Page 64 
advisory vote is by roll call, it must be recorded. See secs. 16.80 (2)(a), 19.21 (1), (2), 19.88 (3), Stats.
Section 19.88 (3), Stats., provides:
 "(3) The motions and roll call votes of each meeting of a governmental body shall be recorded, preserved and open to public inspection to the extent prescribed in s. 19.21."
BCL: RJV
[1] Such a result is consistent with the intent of the law in appointments cases such as departmental chairman. If the department elected the chairman, that vote could be taken by secret ballot under sec. 19.88 (1), Stats., which provides an exception for "the election of the officers of such body in any meeting."